# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| BROOKLYN SPECIALTY ) <br> INSURANCE COMPANY RISK ) <br> RETENTION GROUP, ) <br> INC., ) <br> ) <br>      Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BISON ADVISORS, LLC formerly ) <br> known as ARMIS ADVISERS, LLC ) <br> ) <br>      Defendants. ) | CIVIL ACTION NO. |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Brooklyn Specialty Insurance Company Risk Retention Group, Inc. ("BSIC" or "Plaintiff"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure, files this Complaint for Declaratory Judgment showing the Court as follows:

## PARTIES

1. Plaintiff is an Alabama corporation with its principal place of business in Montgomery, Alabama.

2. Defendant Bison Advisors, LLC, formerly known as Armis Advisers, LLC ("Bison Advisors" or "Defendant"), is a Georgia limited liability company with its

principal place of business in Hartwell, Georgia. Defendant may be served through its registered agent, Blake Ryan Schaper, 140 Cateechee Trail, Suite B, Hartwell, GA 30643. Upon information and belief, all of Defendant's members are citizens of the State of Georgia.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Accordingly, jurisdiction is predicated on complete diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332 and on the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## GENERAL ALLEGATIONS

### The Underlying Lawsuit

5. Bison Advisors is the Special Administrator and Personal Representative of the Estate of Peggy Lynn Evans, deceased, and Jackie Lynn Evans, deceased.

6. On November 8, 2019, Bison Advisors filed a wrongful death suit against Bunyod Kushnazarov ("Kushnazarov"), Paper Impex USA, Inc. ("Paper Impex"), Raptor Auto Shipping Inc. ("Raptor") and RPM Freight Systems, LLC ("RPM")

(collectively, "the Underlying Lawsuit Defendants") in the United States District Court for the Eastern District of Arkansas, Case No. 2:19-cv-143-JM (the "Underlying Lawsuit").

7. The Underlying Lawsuit arose from a motor vehicle accident (the "Accident") that took place on March 22, 2019, in which Jackie Lynn Evans and Peggy Lynn Evans died.

8. The tractor-trailer involved in the accident was owned by Paper Impex and leased by Paper Impex to Raptor. The tractor-trailer, which was transporting vehicles, was driven by Kushnazarov, an employee of Raptor.

9. The complaint in the Underlying Lawsuit alleged claims against Paper Impex for wrongful death, ordinary negligence, negligent hiring, negligent training, negligent supervision, and negligent retention.

### The BSIC Policy

10. BSIC issued a policy no. JP-1-1122018 to Paper Impex for the policy period November 12, 2018 to May 3, 2019 (the "BSIC Policy"). A copy of the BSIC Policy is attached hereto as **Exhibit 1** and incorporated herein by reference. The BSIC Policy provides certain coverage to Paper Impex.

11. The BSIC Policy contains a list of scheduled vehicles. Neither the truck nor the trailer involved in the accident are listed. The BSIC Policy also contains a list

of scheduled drivers. Kushnazarov is not listed as a scheduled driver under the BSIC Policy.

12. Because neither the tractor nor the trailer are listed as autos under the BSIC Policy and because Kushnazarov is not listed as a driver, the BSIC Policy did not provide coverage for Paper Impex with respect to the accident or the Underlying Lawsuit.

13. The BSIC Policy also contains a Form MCS-90 Endorsement to assure compliance with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration. (BSIC Policy, Ex. 1.) When applicable, coverage under the MCS-90 Endorsement is limited to $750,000.00.

**Paper Impex's Coverage as an Additional Insured Under Raptor's Policy**

14. At the time of the filing of the Underlying Lawsuit, Raptor was an insured under American Transportation Group Policy No. ATG-PA-0000535-18 (the "ATG Policy") with a policy period from November 16, 2018 through November 16, 2019, affording $1,000,000.00 in liability limits.

15. Paper Impex was covered as an additional insured under the ATG Policy with respect to the Underlying Lawsuit.

16. ATG Insurance Risk Retention Group, Inc. ("ATG") provided a defense and indemnity to Paper Impex in connection with the Underlying Lawsuit as an additional insured under the ATG Policy.

### The Settlement of the Underlying Lawsuit

17. On or about December 3, 2021, Bison Advisors entered into a Compromise, Settlement and Release Agreement with the Underlying Lawsuit Defendants (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as **Exhibit 2** and incorporated herein by reference.

18. The Settlement Agreement states that, "Plaintiff and Intervenor have alleged that the accident in question was the result of the negligence of the Defendants. The Defendants have denied all allegations made by the Plaintiff and Intervenor." (Settlement Agreement, Ex. 2, § 2.1.)

19. The Settlement Agreement states as follows with respect to the consideration provided to Bison Advisors:

> Defendants separately and, in consideration of the release set forth below, agree to provide the following consideration in the manner described below:
>
> a. Raptor Auto Shipping, Inc. and/or its insurer will pay $953,500;
>
> b. RPM Freight Systems, LLC and/or Beazley Furlonge Ltd (defined below) will pay an amount up to but not to exceed $1,445,000; and

  c. Paper Impex USA, Inc. agrees to a Consent Judgment in the amount of $750,000.

(Settlement Agreement, Ex. 2, at § 3.1.)

20. The Settlement Agreement contains the following release of the Underlying Lawsuit Defendants, including Paper Impex, and others:

> Plaintiff and Intervenor release, acquit and forever discharge the above-named Defendants; Tesla, Inc.; Beazley Furlonge Ltd, as Lloyd's Managing Agent for Syndicates 0623/2623 (Syndicate 623 is comprised of a number of individual investors and syndicate 2623 is capitalized by Beazley Underwriting Ltd which is a wholly owned subsidiary of Beazley PLC. Both syndicates are managed by Beazley Furlonge Ltd, which is a Lloyd's managing agent and wholly owned subsidiary of Beazley PLC, which are publicly traded on the London Stock Exchange), and insurers which are contributing to the above-referenced payments on behalf of Defendants Paper Impex USA, Inc. and Raptor Auto Shipping, Inc. This is a general release of all claims, demands, causes of action, known or unknown, liabilities and damages, of any kind, at common law, statutory, or otherwise, which presently exist or which may arise in the future, directly or indirectly attributable to the Incident of March 22, 2019 made the basis of the Lawsuit.

(Settlement Agreement, Ex. 2, at § 4.1.)

21. In the Settlement Agreement, Bison Advisors agrees to indemnify each of the Underlying Lawsuit Defendants, including Paper Impex, and other released parties as follows:

> In further consideration of the above payment, Plaintiff and Intervenor agree to defend any or all of the parties released herein and to indemnify them, or any of them, for any loss or damage (including but not limited to contribution and/or indemnity) of any nature which anyone else may claim arising out of the above referenced accident. This duty to

indemnify includes, but is not limited to, attorney's fees and court costs incurred in defending such claims, causes of action, liabilities, or damages.

PLAINTIFF AND INTERVENOR FURTHER AGREE THAT THIS INDEMNITY, DEFENSE AND HOLD HARMLESS PROVISION EXPRESSLY INCLUDES THE NEGLIGENCE OF THE DEFENDANTS, IF ANY, WHETHER SUCH CONDUCT WAS A CONTRIBUTING CAUSE OR THE SOLE CAUSE OF ANY CLAIMS, CAUSES OF ACTION, LIABILITIES, OR DAMAGES. THIS PROVISION IS NOT, HOWEVER, AN ADMISSION OF LIABILITY OR NEGLIGENCE ON THE PART OF THE DEFENDANTS.

(Settlement Agreement, Ex. 2, §§ 5.1, 5.2.)

22. In the Settlement Agreement, Bison Advisors agrees that each of the Underlying Lawsuit Defendants, including Paper Impex, expressly deny liability to Bison Advisors, as plaintiff in the Underlying Lawsuit:

All Parties agree that liability of the Defendants, their agents, employees, and representatives, is expressly denied and that payment of consideration for this Compromise, Settlement and Release Agreement is not to be considered an admission of liability on their part. Rather, such consideration is paid for the settlement and dismissal of this Lawsuit and to avoid the expense of further litigation.

(Settlement Agreement, Ex. 2, § 8.1.)

23. On December 3, 2021, a Consent Judgment and Order of Dismissal with Prejudice was entered in the Underlying Lawsuit (the "Consent Judgment") stating in part as follows:

The parties to this action have reached a compromised settlement of all claims between all parties through the process of mediation. Among other consideration, a condition of the settlement is entry of a consent judgment against separate defendant Paper lmpex USA, Inc. in favor of plaintiff in the amount of Seven Hundred Fifty Thousand Dollars ($750,000). Finding that all issues between all parties have been resolved through successful mediation, the court hereby orders the following:

1. A consent judgment is hereby ordered against Paper lmpex USA, Inc. in favor of Plaintiff in the amount of Seven Hundred Fifty Thousand Dollars and No 100 ($750,000.00).

2. The complaint of Plaintiff is hereby dismissed with prejudice.

A copy of the Consent Judgment is attached hereto as **Exhibit 3** and incorporated herein by reference.

### Bison Advisor's Demand for Payment

24. Following entry of the Consent Judgment, Bison Advisors demanded that BSIC pay the $750,000.00 Consent Judgment against Paper Impex under the MCS-90 Endorsement contained in the BSIC Policy.

25. BSIC now seeks a declaration that it is not responsible to pay the Consent Judgment entered against Paper Impex, in whole or in part, under the terms of the MCS-90 Endorsement.

## CLAIMS FOR RELIEF

### COUNT I
### Paper Impex was not Acting as a For-Hire Motor Carrier at the Time of the Accident

26. Plaintiff repeats and realleges paragraphs 1 – 25 above as if they were fully set forth herein.

27. At the time of the accident, Raptor was acting as the for-hire motor carrier with respect to the vehicles being transported on the tractor-trailer and Kushnazarov was operating the tractor-trailer on behalf of Raptor.

28. At the time of the accident, Paper Impex was simply the lessor of the tractor-trailer to Raptor.  Kushnazarov was not an employee of Paper Impex and he was not operating the tractor-trailer on behalf of Paper Impex.

29. The BSIC Policy's MCS-90 Endorsement only applies if Paper Impex was the for-hire motor carrier at the time of the accident.

30. Because Paper Impex was not the for-hire motor carrier, the MCS-90 Endorsement is not implicated and BSIC has no obligation under the BSIC Policy's MCS-90 Endorsement to pay the Consent Judgment.

31. BSIC requests that this Court find and declare that it has no obligation under the MSC-90 Endorsement to pay Bison Advisors for the Consent Judgment, and Bison Advisors is precluded from recovering the Consent Judgment from BSIC under the MSC-90 Endorsement, because Paper Impex was not acting as the for-hire motor carrier at the time of the accident that gave rise to the Settlement Agreement and the Consent Judgment.

## COUNT II
## The Consent Judgment is not a Final Judgment for Negligence

32. Plaintiff repeats and realleges paragraphs 1 – 31 above as if they were fully set forth herein.

33. Under the MCS-90 Endorsement, BSIC will pay a "final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 . . . ."

34. The Consent Judgment states that, "A consent judgment is hereby ordered against Paper lmpex USA, Inc. in favor of Plaintiff in the amount of Seven Hundred Fifty Thousand Dollars and No 100 ($750,000.00)."

35. The Consent Judgment does not find or adjudicate negligence by Paper Impex in the operation, maintenance or use of the tractor trailer involved in the accident.

36. The Consent Judgment references that it is entered as part of a compromise settlement.

37. In the Settlement Agreement, Bison Advisors and Paper Impex expressly agree that the liability of Paper Impex "is expressly denied and that payment of consideration for this Compromise, Settlement and Release Agreement is not to be considered an admission of liability on their part. Rather, such consideration is paid for the settlement and dismissal of this Lawsuit and to avoid the expense of further litigation."

38. Because the Consent Judgment is not a final judgment for negligence, the MCS-90 Endorsement is not implicated and BSIC has no obligation under the BSIC Policy's MCS-90 Endorsement to pay the Consent Judgment.

39. BSIC requests that this Court find and declare that it has no obligation under the MSC-90 Endorsement to pay Bison Advisors for the Consent Judgment, and Bison Advisors is precluded from recovering the Consent Judgment from BSIC under the MSC-90 Endorsement, because the Consent Judgment is not a final judgment for negligence.

## COUNT III
### The ATG Policy Provided Sufficient Insurance Coverage

40. Plaintiff repeats and realleges paragraphs 1 – 39 above as if they were fully set forth herein.

41. A motor carrier transporting non-hazardous property must demonstrate financial responsibility of at least $750,000. 49 C.F.R. § 387.9.

42. The ATG Policy provided insurance coverage of $1,000,000.

43. Paper Impex was an additional insured under the ATG Policy.

44. The MCS-90 Endorsement is not triggered when the motor carrier has insurance coverage sufficient to meet the federally-mandated minimum.

45. Under the Settlement Agreement, ATG paid $953,500, an amount in excess of the $750,000 federally-mandated minimum financial responsibility.

46. Under the Settlement Agreement, Bison Advisors released, acquitted and forever discharged Paper Impex and "insurers which are contributing to the above-referenced payments on behalf of Defendants Paper Impex USA, Inc. and Raptor Auto Shipping, Inc."

47. The payment of $953,500 by the insurer for Raptor and Paper Impex satisfied the Motor Carrier Act's requirement of financial responsibility and the MCS-90 Endorsement in the BSIC Policy does not apply.

48. Because Bison Advisors received an amount in excess of the $750,000 federally-mandated minimum financial responsibility from an insurer for Raptor and Paper Impex, the MCS-90 Endorsement is not implicated and BSIC has no

obligation under the BSIC Policy's MCS-90 Endorsement to pay the Consent Judgment.

49. BSIC requests that this Court find and declare that it has no obligation under the MSC-90 Endorsement to pay Bison Advisors for the Consent Judgment, and Bison Advisors is precluded from recovering the Consent Judgment from BSIC under the MSC-90 Endorsement, because Bison Advisors received an amount in excess of the $750,000 federally-mandated minimum financial responsibility from an insurer for Raptor and Paper Impex.

**COUNT IV**
**The Settlement Agreement's Release and Indemnity Provisions Preclude any Recovery by Bison Advisors Under the MCS-90 Endorsement**

50. Plaintiff repeats and realleges paragraphs 1 – 49 above as if they were fully set forth herein.

51. In the Settlement Agreement, Bison Advisors releases Paper Impex from "all claims, demands, causes of action, known or unknown, liabilities and damages, of any kind, at common law, statutory, or otherwise, which presently exist or which may arise in the future, directly or indirectly attributable to the Incident of March 22, 2019 made the basis of the Lawsuit."

52. Other than providing that Paper Impex agrees to the Consent Judgment, the Settlement Agreement imposes no obligation on Paper Impex to pay or satisfy the

Consent Judgment. Instead, Bison Advisors releases Paper Impex from all claims and liability for the Consent Judgment, as set forth above. The Settlement Agreement provision by which Bison Advisors releases Paper Impex from all claims and liabilities does not except from its terms the liability of Paper Impex to pay or satisfy the Consent Judgment.

53. The release of Paper Impex from its obligation to pay the Consent Judgment also releases BSIC from any obligation as its surety under the MCS-90 Endorsement.

54. In addition, Bison Advisors agrees to indemnify Paper Impex "for any loss or damage (including but not limited to contribution and/or indemnity) of any nature which anyone else may claim arising out of the above referenced accident. This duty to indemnify includes, but is not limited to, attorney's fees and court costs incurred in defending such claims, causes of action, liabilities, or damages."

55. Under the MCS-90 Endorsement, Paper Impex "agrees to reimburse [BSIC] for . . . any payment that [BSIC] would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement."

56. Thus, if BSIC was required to pay Bison Advisors under the MCS-90 Endorsement, Paper Impex would be required to reimburse BSIC, and, under the indemnity provision of the Settlement Agreement, Bison Advisors would be required to indemnify Paper Impex for that amount.

57. The "circle of indemnity" created by the Settlement Agreement and indemnity provision moots any claim of Bison Advisors under the MCS-90.

58. Because Bison Advisors released Paper Impex from any liability under the Consent Judgment, and such a release releases BSIC as surety, and because Bison Advisor's indemnity obligation to Paper Impex creates a "circle of indemnity" that moots any claim of Bison Advisors under the MCS-90 Endorsement, the MCS-90 Endorsement is not implicated and BSIC has no obligation under the BSIC Policy's MCS-90 Endorsement to pay the Consent Judgment.

59. BSIC requests that this Court find and declare that it has no obligation under the MSC-90 Endorsement to pay Bison Advisors for the Consent Judgment, and Bison Advisors is precluded from recovering the Consent Judgment from BSIC under the MSC-90 Endorsement, because Bison Advisors released Paper Impex from any liability under the Consent Judgment, and such a release releases BSIC as surety, and because Bison Advisors' indemnity obligation to Paper Impex creates a "circle of indemnity" that moots any claim under the MCS-90 Endorsement.

WHEREFORE, Plaintiff Brooklyn Specialty Insurance Company Risk Retention Group, Inc. respectfully requests that the Court declare that (i) it has no obligation to pay Bison Advisors, LLC, formerly known as Armis Advisers, LLC, for the Consent Judgment under the BSIC Policy's MCS-90 Endorsement, or

otherwise, (ii) that Bison Advisors, LLC, formerly known as Armis Advisers, LLC, is precluded from recovering the Consent Judgment from Plaintiff under the BSIC Policy's MCS-90 Endorsement, and (iii) grant it all other relief as the Court finds just and proper.

Dated this 13th day of January, 2022.

| | |
|---|---|
| LEWIS, BRISBOIS, BISGAARD<br>  & SMITH, LLP<br>600 Peachtree Street, Suite 4700<br>Atlanta, Georgia  30308<br>T:  (404)348-8585<br>F:  (404)467-8845<br>seth.friedman@lewisbrisbois.com | /s/ Seth M. Friedman<br>Seth M. Friedman<br>Georgia Bar No. 141501<br><br>*Attorneys for Brooklyn Specialty Insurance Company Risk Retention Group, Inc.* |
| LAX, VAUGHAN, FORTSON,<br>  ROWE & THREET, P.A.<br>11300 Cantrell Road, Suite 201<br>Little Rock, Arkansas 72212<br>T:  (501) 376-6565<br>gfortson@laxvaughan.com | Grant E. Fortson<br>Ark. Bar No. 92148<br>***Pro Hac Vice Application To Be Submitted***<br><br>*Attorneys for Brooklyn Specialty Insurance Company Risk Retention Group, Inc.* |