**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| BROOKLYN SPECIALTY INSURANCE COMPANY RISK RETENTION GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> BISON ADVISORS, LLC formerly known as ARMIS ADVISERS, LLC <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. <br> ) 3:22-CV-00006-CAR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

**THE COURT ALERTS THE PARTIES THAT IT MODIFIED PARAGRAPH 16 AND ADDED A FINAL SECTION TO THE PARTIES' PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE AGREED ORDER SUBMITTED TO THE COURT.**

The parties having consented hereto and for good cause shown in that the parties contemplate that discovery will involve the disclosure of confidential information, IT IS HEREBY ORDERED as follows:

1. As used in this Order, the following words and phrases shall have the following meanings.

    (a) "Action" refers to the above-styled case.

    (b) "Party" means any party to this Action and its employees. "Producing Party" means a person or entity, including a Party and a non-Party, who produces Confidential Information.

    (c) "Outside Counsel" means a law firm with other clients in addition to a Party hereto, none of whose members or associates are employees, officers, or directors of a Party hereto, or are involved in any of the competitive decision making of a Party hereto, and

2

whose offices are not located in the premises of a Party hereto.

(d) "Confidential Information" means any document, writing, information, testimony, electronically stored information or any other thing that a Party or a Producing Party believes, in good faith, contains information which reveals confidential business, financial, competitive, proprietary, healthcare, or trade secret information of such Party or Producing Party, that the Party or Producing Party designates as confidential in accordance with this Protective Order, as well as copies, extracts, summaries, notes, and other derivatives of Confidential Information which contain the designated Confidential Information also shall be deemed Confidential Information and shall be subject to the provisions of this Protective Order.

2. A pleading, motion, brief, declaration, affidavit, document, writing, electronically stored information, or any other form of data compilation, may be identified as Confidential Information by the Producing Party, by notifying in writing all Parties to this action at the time of such production, of a claim of confidentiality with respect thereto. Only the portion(s) of the pleading, motion, brief, declaration, affidavit, document, writing, electronically stored information, or any other form of data compilation that contain or refer to Confidential Information may be designated as Confidential Information. Documents and other tangible Confidential Information claimed to be confidential may, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each confidential page of a document when it is produced shall also constitute the notice and shall designate those pages of the document as Confidential Information. Copies, extracts, summaries, notes, and other derivatives of Confidential Information which contain the designated Confidential Information also shall be deemed Confidential Information and shall be subject to the provisions of this Protective Order.

3.     Portions of depositions upon oral or written questions and exhibits thereto which directly reference and reveal Confidential Information may be classified as Confidential Information by the producing Party. A designation that a portion of a deposition or exhibit thereto is Confidential Information shall be made during the deposition, and the relevant testimony taken and portion of the transcript of such deposition and any exhibits which contain Confidential Information shall be designated as Confidential Information.

4.     Documents or Confidential Information produced or otherwise provided in the litigation that are not identified as "Confidential" at the time of production by the producing party may thereafter be identified as Confidential Information, by providing written notice (including, without limitation, by email) to counsel for all other Parties and to any third party which may be involved. Portions of depositions and exhibits not identified as "Confidential Information" at the deposition or within thirty (30) days after receipt of the transcript may thereafter be identified as "Confidential Information" by providing written notice to counsel for all other parties and to any third party which may be involved. Each party or third party who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix to it a "Confidential" designation, and shall thereafter distribute it only as allowed by this Protective Order. If such Confidential Information was previously filed with the Court prior to its designation as Confidential Information, the filing party will not be obligated to retrieve such information, but the producing party may submit a motion for protection in accordance with Paragraph 12. No distribution after the time for designation expires and prior to the receipt of such written notice shall be deemed a violation of this Order.

5.      Confidential Information may be used only for purposes of prosecuting and defending this Action in accordance with this Protective Order, and, specifically, shall not be used for, or referred to, directly or indirectly, (a) any purpose other than prosecuting or defending this Action, including without limitation, any business or competitive purpose, (b) publicity, (c) any advertising, marketing, press reports or public statements, or (d) any dissemination to any person not authorized to receive such Confidential Information under the terms hereof. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

6.      Subject to paragraph 12 below, each document that is filed with the Court that contains any Confidential Information shall be filed as a provisionally sealed filing using the Court's ECF system. Copies of such documents served on counsel for other parties shall be marked as "Confidential" and having been filed under seal, provided that if only a portion of a document contains Confidential Information, then a version of that document with the Confidential Information redacted shall be filed in the public record of the Court.

7.      Except as otherwise expressly provided herein, Confidential Information shall be revealed only as follows:

   (a)     To the Court and Court staff.

   (b)     To mediators or arbitrators attempting to assist in resolving this matter, provided all parties agree in writing that the mediator(s) or arbitrator(s) may receive Confidential Information, and further provided that, before any party may disclose any Confidential Information to any mediator(s) or arbitrator(s), such mediator(s) or arbitrator(s) must have signed and delivered to counsel of record for each party a letter in the form of Exhibit "A" hereto.

(c) To Outside Counsel for a party hereto, provided that Outside Counsel who are not of record first must sign and deliver to counsel of record who retained said outside counsel to a letter in the form of Exhibit "A" hereto, before being permitted access to any Confidential Information.

(d) To secretaries, paralegals, and other staff employed in the offices of such Outside Counsel who are working on the case, and to copying services engaged by Outside Counsel, provided that such services are not associated with a Party.

(e) To employees, former employees and agents of the Parties who are working on behalf of the Parties in this litigation, but only in connection with such work, provided that prior to receipt of any Confidential Information the individual receiving the Confidential Information must have signed a letter in the form of Exhibit "A" hereto.

(f) To directors, officers, employees, agents or representatives of the Parties, who, in the normal course of business, (a) have a legal duty to protect the confidentiality of Confidential Information and (b) have access to, or to whom a Party has a contractual, business, legal or regulatory obligation to provide, such confidential material;

(g) To auditors, accountants, state, federal or local government regulators, reinsurers, reinsurance intermediaries or retrocessionaires who, in the normal course of business, have access to, or to whom a Party has a contractual, business, legal or regulatory obligation to provide, such confidential material;

(h) To court reporters transcribing a deposition, hearing, or other proceeding in this matter, provided that prior to receipt of any Confidential Information the court reporter is informed of the provisions of this Protective Order and agrees to comply herewith.

(i) To witnesses provided that prior to such disclosure the witness must have signed a letter in the form of Exhibit "A" hereto which shall be retained by the party sharing the Confidential Information in his or her file.

(j) To experts and consultants retained by Outside Counsel of record in good faith to assist in the preparation, settlement, or trial of this case, and the expert or consultant first signs and delivers to counsel who retained the expert or consultant a letter in the form of Exhibit "A" hereto which shall be retained by the party retaining said expert in his or her file.

(k) To such other persons as hereafter may be agreed upon in writing or on the record among counsel for all parties prior to any disclosure, with such consent not to be unreasonably withheld, provided that prior to such disclosure the person must have signed a letter in the form of "Exhibit A" hereto.

(l) To any person or entity permitted in writing by a Producing Party, with such consent not to be unreasonably withheld, provided that prior to such disclosure the person must have signed a letter in the form of "Exhibit A" hereto.

(m) To such other persons as Outside Counsel determines are necessary to prosecute or defend this case, provided that prior to such disclosure the person must have signed a letter in the form of "Exhibit A" hereto, which shall be retained by Outside Counsel making the disclosure in his or her file.

8. Except as otherwise expressly provided herein, Outside Counsel-Only Confidential Information shall be revealed only to those persons to whom Confidential Information may be shown pursuant to paragraph 7 above except that those persons designated in paragraph 7(e) regarding Parties shall not be provided and shall not be permitted to receive, view or use Outside Counsel-Only Confidential Information.

9. In the event that any party hereto desires to make a substitution of attorneys, the proposed new counsel for such party shall, prior to being substituted as counsel in this action, be provided with a copy of this Protective Order and shall sign and deliver a letter to all opposing counsel of record a document in the form of Exhibit "A" hereto.

10. Counsel for each party and other persons permitted access pursuant to this Confidentiality and Protective Order shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Information.

11. Confidential Information subject to the terms of this Confidentiality and Protective Order shall, when not in use, be stored in areas of the offices of the counsel and others possessing the same where persons not in the employment or service of the possessor are unlikely to obtain access to the Confidential Information.

12. Any document, material or other information designated as entitled to protection under this Confidentiality and Protective Order which is submitted to the Court, or introduced at a hearing, trial or other proceeding, in this action may continue as protected material only by Order of the Court in accordance with the procedures stated in this section 12. If information entitled to protection under this Confidentiality and Protective Order is submitted to the Court in support of a pleading or other document filed with the court, such information shall maintain its privileged status for ten (10) days. During the ten-day period the party who designated the information as protected may move the Court to continue the protected status of the information by submitting to the Court a request for continued protection. The request must identify or be accompanied by a copy of the document, material or information for which continued protection is requested. The opposing party shall be permitted to file a response to the request. The Court

will review, *in camera,* the information for which continued protection is requested to determine if continued protection will be allowed.

A party who seeks to introduce protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection from public disclosure.

Except as otherwise stated herein, no document, material or other information may be filed under seal without an Order of the Court granting continued protection for the document, material or information at issue.

Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Local Rules and Court's instructions for Submitting Documents Related to a Motion to Seal in Cases.

13. Within thirty (30) days of the final termination of this Action by judgment, appeal, settlement, or otherwise, or sooner if so ordered by this Court, counsel for each party shall return to counsel for the Producing Party (or shall supervise and certify to the opposing party the destruction of), all Confidential Information and all items constituting, containing, or reflecting the Producing Party's Confidential Information, as well as all copies, extracts, summaries, notes and other derivatives thereof. Any Confidential Information provided to other persons pursuant to a letter in the form of Exhibit "A" hereto shall be returned (or certified

destroyed) by counsel that provided such information to such other persons. A Producing Party may in writing waive the requirements of this section.

14.     Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use imposed pursuant to this order.

15.     The restrictions set forth in this order shall not apply to information which (a) is in the public domain at the time of disclosure, as evidenced by a written document, through no violation by any person or entity of this order or applicable law or (b) becomes part of the public domain through no violation by any person or entity of this order or applicable law. Any party desiring to disclose any Confidential Information pursuant to this paragraph must, prior to disclosing the Confidential Information, obtain written permission from the party that designated the Information as Confidential, or obtain a court order permitting such disclosure.

16.     The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the

Designating Party is unwilling to participate in the meet and confer process in a timely manner.

If the Parties cannot resolve a challenge without Court intervention, the Challenging Party must contact Beverly Lillie, Courtroom Deputy (478-752-3445) to request a telephone conference with the Court **BEFORE** filing a motion challenging a confidentiality designation. Each such motion must be accompanied by a certification affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

17. Nothing herein shall preclude the parties from using the Confidential Information during a hearing or trial or raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of the admissibility of the evidence, materiality, trial preparation materials, and privilege.

18. The Court retains jurisdiction to enforce the provisions of this Confidentiality and Protective Order and to make such modification as the parties may request or which the Court may from time to time deem appropriate.

19. The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to

any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

## **ADDED BY THE COURT**

The Court finds that good cause exists for the entry of this Order with the following condition. Notwithstanding anything to the contrary in the foregoing Order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or in opposition to any motion or relevant in any hearing or trial.

If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record.

Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

IT IS SO ORDERED this 3rd day of August, 2022.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

# EXHIBIT A

(DATE)

[Addressed to counsel for all other parties]

Re: *Brooklyn Specialty Insurance Company Risk Retention Group, Inc. v. Bison Advisors, LLC formerly known as Armis Advisers, LLC*, Civil Action File No. 3:22-CV-00006 (CAR), United States District Court for the Middle District of Georgia

Dear _____:

  I have been designated by _____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality and Protective Order in the above-entitled action dated _____.

  Having read that Confidentiality and Protective Order, I agree to comply fully with it and to be bound by its terms with respect to all Confidential Information as defined therein.

  With regard to that Confidentiality and Protective Order, I agree to submit myself, and hereby submit myself, to the jurisdiction of the United States District Court for the Middle District of Georgia, for the purpose of the enforcement of the terms of the Confidentiality and Protective Order and all other related purposes.

           Yours very truly,

           [Name]
           [Address]
           [Telephone]
           [Email]