# EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ARMIS ADVISERS, LLC, as Special
Administrator and Personal Representative
of the Estate of PEGGY LYNN EVANS,
deceased, and JACKIE LYNN EVANS,
deceased,

    Plaintiff,

V.

BUNYOD KUSHNAZAROV, PAPER IMPEX
USA, INC., RAPTOR AUTO SHIPPING, INC.
and RPM FREIGHT SYSTEMS, LLC,

    Defendants,

DOUGLAS HANLON

    Intervenor.

RPM FREIGHT SYSTEMS, LLC

    Third Party Plaintiff,

v.

ZAFAR ISRAILOV, and individual,

    Third Party Defendant.

Case No. 2:19-cv-143-JM
Hon. James M. Moody, Jr.

## COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

**1.0   PARTIES**

    This Agreement is by and between the following Parties:

    1.1   "PLAINTIFF"

  ARMIS ADVISERS, LLC, as Special Administrator and Personal Representative of the Estate of PEGGY LYNN EVANS, deceased, and JACKIE LYNN EVANS, deceased

1.2   "INTERVENOR"

  **DOUGLAS HANLON**

1.3   "DEFENDANTS"

  BUNYOD KUSHNAZAROV; PAPER IMPEX USA, INC.; RAPTOR AUTO SHIPPING, INC.; RPM FREIGHT SYSTEMS, LLC; and ZAFAR ISRAILOV

## 2.0   FACTUAL PREDICATE

2.1   Plaintiff and Intervenor have alleged that the Defendants have caused them to suffer damages as a result of an auto accident which occurred on or about March 22, 2019 in Arkansas in which Peggy Lynn Evans and Jackie Lynn Evans allegedly died and Douglas Hanlon suffered injuries to his mind, body and property. The vehicles, which Jackie Lynn Evans and Douglas Hanlon were operating, were allegedly involved in a collision with a tractor/trailer driven by Bunyod Kushnazarov and operated by Raptor Auto Shipping, Inc. Plaintiff and Intervenor have alleged that the accident in question was the result of the negligence of the Defendants. The Defendants have denied all allegations made by the Plaintiff and Intervenor. The term "Incident" as set forth below includes but is not limited to all claims, damages, and awards asserted or could have been asserted by Plaintiff in the lawsuit filed in the United District Court for the Eastern District of Arkansas, Delta Division, Civil Action No. 2:19-cv-143-JM and styled "Armis Advisers, LLC, as Special Administrator and Personal Representative of the Estate of Peggy Lynn Evans, deceased, and Jackie Lynn Evans, deceased v. Bunyod Kushnazarov, et al." (the "Lawsuit").

2.2   Because bona fide disputes and controversies exist between all Parties, both as to liability and damages and the amount thereof, the Parties desire to settle and dispose of all claims and causes of action which any party has or may have in the future arising out of the Incident made the basis of this Lawsuit, whether or not asserted in this Lawsuit, against the Defendants.

## 3.0   CONSIDERATION

3.1 Defendants separately and, in consideration of the release set forth below, agree to provide the following consideration in the manner described below:

   a. Raptor Auto Shipping, Inc. and/or its insurer will pay $953,500;
   b. RPM Freight Systems, LLC and/or Beazley Furlonge Ltd (defined below) will pay an amount up to but not to exceed $1,445,000; and
   c. Paper Impex USA, Inc. agrees to a Consent Judgment in the amount of $750,000.

Payment will be made within thirty (30) days of the execution and St. Francis County, Arkansas Probate Court approval (date to run from event that occurs later) of this Compromise, Settlement and Release Agreement. Bearing in mind the agreement between Plaintiff and Intervenor, Plaintiff will provide the Defendants with payment instructions for the sums outlined above.

3.2 Nature of Damages

The sums set forth in Section 3.1 constitute damages on account of personal physical injuries and physical sickness in a case involving personal physical injury or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended and regulations thereunder, as well as alleged property damages.

3.3 Attorney Fees and Costs

Each party to pay its own attorney fees and costs.

## 4.0 RELEASE

4.1 Plaintiff and Intervenor release, acquit and forever discharge the above-named Defendants; Tesla, Inc.; Beazley Furlonge Ltd, as Lloyd's Managing Agent for Syndicates 0623/2623 (Syndicate 623 is comprised of a number of individual investors and syndicate 2623 is capitalized by Beazley Underwriting Ltd which is a wholly owned subsidiary of Beazley PLC. Both syndicates are managed by Beazley Furlonge Ltd, which is a Lloyd's managing agent and wholly owned subsidiary of Beazley PLC, which are publicly traded on the London Stock Exchange), and insurers which are contributing to the above-referenced payments on behalf of Defendants Paper Impex USA, Inc. and Raptor Auto Shipping, Inc. This is a general release of all claims, demands, causes of action, known or unknown, liabilities and damages, of any kind, at common law, statutory, or otherwise, which presently exist or which may arise in the future, directly or

        indirectly attributable to the Incident of March 22, 2019 made the basis of the Lawsuit.

4.2    Further, Plaintiff and Intervenor agree that the release set forth in Section 4.1 above applies equally to and includes all parent companies, holding companies, subsidiaries, co-owners, joint owners, members, past, present, and future officers, directors, managers, members, partners, shareholders and employees of the Defendants, as well as all successors in interest, stockholders, partners, representatives, servants, consultants, officers, directors, managers, and employees of that company.

4.3    Plaintiffs and Intervenor acknowledge and agree that the release and discharge set forth above is a general release. Plaintiff and Intervenor knowingly waive, and assume the risk of, any and all claims of any nature whatsoever, which exist as of this date but which they do not know or suspect to exist, including without limitation claims which, if known, would have materially affected their decision to enter into this Compromise, Settlement and Release Agreement. Plaintiff and Intervenor confirm that they understand that facts relating to the Incident may turn out to be other than or different from the facts now known or believed by them to be true; Plaintiff and Intervenor knowingly assume that risk and acknowledge and agree that this Compromise, Settlement and Release Agreement shall remain in effect and shall not be subject to termination or revocation by reason of any such different facts, should any be discovered. Plaintiff and Intervenor expressly waive any and all provisions, rights, and benefits conferred by any law of the United States or of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

## 5.0 DEFENSE AND INDEMNITY

5.1    In further consideration of the above payment, Plaintiff and Intervenor agree to defend any or all of the parties released herein and to indemnify them, or any of them, for any loss or damage (including but not limited to contribution and/or indemnity) of any nature which anyone else may claim arising out of the above referenced accident. This duty to indemnify includes, but is not limited to,

   attorney's fees and court costs incurred in defending such claims, causes of action, liabilities, or damages.

5.2 **PLAINTIFF AND INTERVENOR FURTHER AGREE THAT THIS INDEMNITY, DEFENSE AND HOLD HARMLESS PROVISION EXPRESSLY INCLUDES THE NEGLIGENCE OF THE DEFENDANTS, IF ANY, WHETHER SUCH CONDUCT WAS A CONTRIBUTING CAUSE OR THE SOLE CAUSE OF ANY CLAIMS, CAUSES OF ACTION, LIABILITIES, OR DAMAGES. THIS PROVISION IS NOT, HOWEVER, AN ADMISSION OF LIABILITY OR NEGLIGENCE ON THE PART OF THE DEFENDANTS.**

5.3 Additionally, the Plaintiff and Intervenor agree that this indemnity, defense and hold harmless provision applies to all parent companies, subsidiaries, officers, directors, managers, members, partners, shareholders and employees of Defendants and Tesla as if those companies and individuals were set forth herein.

5.4 Plaintiff and Intervenor, hereby declare and expressly warrant that they have never applied nor been approved for Social Security or Medicare benefits. In the event that any of this information is incorrect, Plaintiff and Intervenor shall be solely liable for any and all actions, penalties, costs, interest or the like resulting from these inaccurate statements, and agrees to indemnify, defend and hold harmless the Defendants from any such damages, penalties, fines or interest assessed by Medicare under the Medicare Secondary Payer Act. If Plaintiff and Intervenor are a Medicare beneficiary, they hereby waive any claims for any damages, including a private cause of action provided by 42 U.S.C. § 1395y(b)(3)(A).

5.5 Plaintiff and Intervenor warrant that all hospital and medical care charges related to the incident giving rise to this action have been or will be satisfied from the consideration paid under this agreement or under prior settlement funds received from other parties to this occurrence. Plaintiff and Intervenor agree to indemnify, defend, and hold harmless the Defendants for any unpaid hospital charges, medical liens, hospital liens or medical care charges for which the Defendants may become liable.

## 6.0 <u>WARRANTIES</u>

6.1 Plaintiff and Intervenor warrant that they have read this Compromise, Settlement and Release Agreement and fully understand it to be a compromise, settlement and release of all claims, known or unknown, present or future. Plaintiff and Intervenor

      warrant that they, individually, can read and understand the English language and that no interpretation of this document is needed.

6.2    Plaintiff and Intervenor further warrant that they, individually, are of legal age and are legally competent to execute this Compromise, Settlement and Release Agreement, which they understand to be contractual, and that they, individually, do so of their own free will and accord, without reliance upon any representation of any kind or character not expressly set forth herein.

6.3    Plaintiff and Intervenor understand and agree that this Compromise, Settlement and Release Agreement is in full settlement of and satisfaction for all damages and claims arising on account of the Incident and made the basis of this Lawsuit and that they will not receive any further sums of money from the Defendants.

6.4    Plaintiff and Intervenor warrant that they have the exclusive right and full legal authority to execute this Compromise, Settlement and Release Agreement and that neither have assigned, sold, transferred, or otherwise disposed of any of the claims or causes of action referred to in this Compromise, Settlement and Release Agreement with the exception of agreements as to attorney's fees. Plaintiff and Intervenor state that any attorney's fees owed to the undersigned counsel or any referring attorney shall be paid from the consideration set forth in this Compromise, Settlement and Release Agreement and that they will indemnify, defend and hold harmless the Defendants from any claims for fees from any attorney claiming an interest in this case.

6.5    Plaintiff and Intervenor state they understand that they had the right to proceed to trial in this matter. Plaintiff and Intervenor acknowledge that had they chosen to do so, a jury may have awarded more, or less, money than provided by this settlement.

## 7.0   AGREED DISMISSAL

7.1    Plaintiff and Intervenor agree to prepare, execute and file, through their attorney, an Agreed Dismissal, with prejudice and without costs, with regards to all claims and causes of action against Defendants within five (5) business days of receipt of the consideration described in Section 3.0 of this Compromise, Settlement and Release Agreement.

## 8.0   INTERPRETATION OF SETTLEMENT AGREEMENT AND ENFORCEMENT

8.1    All Parties agree that liability of the Defendants, their agents, employees, and representatives, is expressly denied and that payment of consideration for this Compromise, Settlement and Release Agreement is not to be considered an

admission of liability on their part. Rather, such consideration is paid for the settlement and dismissal of this Lawsuit and to avoid the expense of further litigation.

8.2  This Compromise, Settlement and Release Agreement constitutes the entire agreement between the Plaintiff/Intervenor and the Defendants with respect to the matters set forth herein, and it supersedes any and all prior oral or written agreements, commitments or understandings with respect to such matters. This Compromise, Settlement and Release Agreement shall be binding upon, shall inure to the benefit of and shall be enforceable only by, the Parties hereto, any party released by this agreement in Section 4.0 and its subparts, and the respective successors, heirs, executors, administrators and permitted assigns of any of the foregoing. No other person or entity shall have any rights under this Compromise, Settlement and Release Agreement or be entitled to bring any action to enforce any of its provisions. The rights of any permitted assignee of any party shall be subject to all terms of this Compromise, Settlement and Release Agreement and any defense or claim in recoupment arising under or in connection with the Incident made the basis of the Lawsuit or this Compromise, Settlement and Release Agreement.

8.3  In entering into this Compromise, Settlement and Release Agreement, Plaintiff and Intervenor represent that they have relied solely upon the legal and tax advice of such Plaintiff's and Intervenor's own attorneys and other advisers, who are the attorneys and advisers of such Plaintiff's and Intervenor's choice, that the terms of this Compromise, Settlement and Release Agreement have been completely read and explained to Plaintiff and Intervenor by such attorneys and that such terms are fully understood and voluntarily accepted by Plaintiff and Intervenor.

8.4  The Parties agree that should any party bring an action or proceeding against any other party hereto for the purpose of enforcing this Compromise, Settlement and Release Agreement or any of the terms and provisions hereof, the prevailing party in that action or proceeding shall be entitled to recover from the non-prevailing party or parties their attorney's fees and costs incurred in pursuit of said action or proceeding.

8.5  The Parties agree that this Compromise, Settlement and Release Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, legal representatives, successors, and assigns.

8.6  The Parties further agree that should any provision of this Compromise, Settlement and Release Agreement be found to be in violation of law, the remainder of this Compromise, Settlement and Release Agreement shall retain full validity.

8.7  The Parties agree that the titles used in this Compromise, Settlement and Release Agreement are for the purposes of clarification only and should not be used in interpreting or construing this Compromise, Settlement and Release Agreement.

8.8  The Parties acknowledge and agree that they have relied upon their own judgment, belief and knowledge and that they have not been influenced to any extent in entering and executing this Compromise, Settlement and Release Agreement by any representations or statements made by any party or their counsel who owe no fiduciary duty to them. Each party acknowledges and agrees that they have not relied upon any statement, comment or representation of any other party or their counsel in entering into this Compromise, Settlement and Release Agreement. Any such reliance is expressly disclaimed. This Compromise, Settlement and Release Agreement is the product of arms-length negotiations.

8.9  This Compromise, Settlement and Release Agreement shall be governed by and interpreted in accordance with the internal laws of the State of Arkansas and any disputes shall be brought in the United States District Court for the Eastern District of Arkansas.

8.10  All Parties agree to cooperate fully and to execute and deliver any and all supplementary documents and to take any and all additional actions which may be necessary or appropriate to give effect to the terms and intent of this Compromise, Settlement and Release Agreement.

8.11  This Compromise, Settlement and Release Agreement can be modified or amended only by an instrument in writing duly executed by each of the Parties hereto.

8.12  This Compromise, Settlement and Release Agreement is subject to and contingent upon the issuance of an order by the Circuit Court of St. Francis County, Arkansas, Probate Division, No. PR-2019-61-4, approving this Agreement. If an objection to approval is filed by any person or entity, the payment of Consideration for this Agreement will be withheld until such time as a final, non-appealable order approving this Agreement is entered in that matter.

8.13  Finally, all Parties have equally participated or had the opportunity to participate in the drafting of this Compromise, Settlement and Release Agreement. As such, in the event any term is ambiguous, no construction or inferences shall arise against

or in favor of any party as a result of drafting or participating in the drafting of this Compromise, Settlement and Release Agreement.

8.14 The released Parties assume no responsibility or liability of any nature related to the allocation of the Consideration payments among statutory or other beneficiaries of the estates of Jackie and Peggy Evans.

8.15 It is agreed by the parties hereto that it is the intent of this release to comply with the provisions of the Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. Sec. 16-61-201 et seq. and specifically Ark. Code Ann. Sec. 16-61-204, so as to provide for a reduction, to the extent of the pro-rata share of the party or parties released herein, of the Plaintiff and Intervenor's damages recoverable against all other tortfeasors, named or unnamed, on account of the aforementioned accident, casualty or event.

AGREED:

*Kimberly Drew Collins*

ARMIS ADVISERS, LLC, as Special
Administrator and Personal Representative
of the Estate of PEGGY LYNN EVANS,
deceased, and JACKIE LYNN EVANS,
deceased,

*Douglas Hanlon*

Douglas Hanlon, INDIVIDUALLY

**AFFIDAVIT**

STATE OF Georgia

COUNTY OF Hart

BEFORE ME, the undersigned authority, personally came and appeared:

**ARMIS ADVISERS, LLC, as Special
Administrator and Personal Representative
of the Estate of PEGGY LYNN EVANS,
deceased, and JACKIE LYNN EVANS,
deceased,**

who, having been duly sworn, did depose and state:

1. He is a person of the full age of majority.

2. His rights to his claims in this lawsuit were explained to him by his attorney.

3. The attached Compromise, Settlement and Release Agreement has been read by or to him, and further has been explained to him in full by his attorney.

4. He has executed the attached Compromise, Settlement and Release Agreement and this affidavit as his own free act and deed in the presence of the witnesses whose names are subscribed thereon.

5. He understands he may never again file a lawsuit against Defendants, all parent companies, holding companies, subsidiaries, co-owners, joint owners, members, past, present, and future officers, directors, managers, members, partners, shareholders and employees of Defendants or Tesla, Inc. as well as all successors in interest, released insurers, stockholders, partners, representatives, servants, consultants, officers, directors, managers, and employees of that company for any damages resulting from the Incident made the basis of this suit.

6. He instructs his attorney to ensure that any and all claims, liens, and / or any amounts claimed by any person or party claiming rights to the settlement proceeds are satisfied.

[Notary Seal: April T. Tucker, NOTARY PUBLIC, 08-19-2022 Exp. Date, HART COUNTY, GA]

Kimberly Drew Collins

**ARMIS ADVISERS, LLC, as Special
Administrator and Personal
Representative
of the Estate of PEGGY LYNN EVANS,
deceased, and JACKIE LYNN EVANS,
deceased,**

Sworn to and subscribed before me
this 3RD day of DECEMBER, 2021.

10

# AFFIDAVIT

STATE OF Connecticut

COUNTY OF Windham

BEFORE ME, the undersigned authority, personally came and appeared:

## DOUGLAS HANLON

who, having been duly sworn, did depose and state:

7. He is a person of the full age of majority.

8. His rights to his claims in this lawsuit were explained to him by his attorney.

9. The attached Compromise, Settlement and Release Agreement has been read by or to him, and further has been explained to him in full by his attorney.

10. He has executed the attached Compromise, Settlement and Release Agreement and this affidavit as his own free act and deed in the presence of the witnesses whose names are subscribed thereon.

11. He understands he may never again file a lawsuit against Defendants, all parent companies, holding companies, subsidiaries, co-owners, joint owners, members, past, present, and future officers, directors, managers, members, partners, shareholders and employees of Defendants or Tesla, Inc., as well as all successors in interest, released insurers, stockholders, partners, representatives, servants, consultants, officers, directors, managers, and employees of that company for any damages resulting from the Incident made the basis of this suit.

12. He instructs his attorney to ensure that any and all claims, liens, and / or any amounts claimed by any person or party claiming rights to the settlement proceeds are satisfied.

_____
DOUGLAS HANLON

Sworn to and subscribed before me
this 6th day of December, 2021.

_____
NOTARY PUBLIC

Jason M. Howard
NOTARY'S PRINTED NAME

176944
NOTARY'S NO.

Jason M Howard
Notary Public-Connecticut
My Commission Expires
July 31, 2023

13



## ATTORNEY'S DECLARATION

I, Kenneth "Rusty" Mitchell, am counsel to DOUGLAS HANLON and have discussed the Compromise, Settlement and Release Agreement with him;

That DOUGLAS HANLON has had the opportunity to question me about the settlement and the Compromise, Settlement and Release Agreement;

That the aforesaid settlement to DOUGLAS HANLON is a fair, reasonable and proper settlement and in DOUGLAS HANLON'S best interest considering the risks and uncertainties of litigation.

That DOUGLAS HANLON has executed the Compromise, Settlement and Release Agreement of his own free will.

I have advised DOUGLAS HANLON of his obligation to pay any liens pending against this settlement and any outstanding medical not otherwise provided for therein.

This __14th__ day of __December__, 2021.

_____
KENNETH "RUSTY" MITCHELL